[No. 16610.  Department One.  May 1, 1922.]

A. C. Petridge, *Appellant*, v. C. S. Osborn *et al.*,
*Respondents.*[1]

CHATTEL MORTGAGES (2½)—DISTINGUISHED FROM OTHER TRANS-
ACTIONS—PAYMENT. An agreement whereby a debtor executed to
his creditor a bill of sale of two automobiles, which were deposited
with a garage, the title to become absolute if the debt was not paid
within a certain time, and the cars to be returned and the bill of
sale cancelled if the debt was so paid, is not a chattel mortgage,
but an agreement to pay a debt in money or property, at the
debtor's election.

PAYMENT (9)—IN GOODS OR SPECIFIC ARTICLES. An agreement to
pay a debt in specific property is not forbidden by public policy, in
the absence of statute, and will be enforced by the courts.

Appeal from a judgment of the superior court for
Kitsap county, French, J., entered May 21, 1921, upon
findings in favor of the defendants, in an action of
replevin, tried to the court. Affirmed.

*Philip Tworoger,* for appellant.

*F. W. Moore,* for respondents.

Fullerton, J.—The appellant, as plaintiff, instituted
this action against the respondents to recover the pos-
session of two certain described automobiles which he
alleged the respondents wrongfully withheld from him.
At the time of the commencement of the action, he sued
out a writ of replevin, and under the writ took posses-
sion of the automobiles. The respondents took issue
upon the allegations of the complaint, contesting the
appellant's ownership and right to possession. They
did not, however, seek a redelivery of the property.
On the issues as thus framed, a trial was had before
the court sitting without a jury, and resulted in a judg-

[1] Reported in 206 Pac. 839.

ment in favor of the respondents against the appellant and the surety on his replevin bond in the sum of six hundred and twenty-seven dollars.

The appellant has not brought to this court the evidence introduced at the trial, and the case is before us on the question whether the findings of fact support the conclusions of law and the judgment entered thereon.

The facts as found by the court are in substance these: At some time prior to February 17, 1921, the appellant became indebted to the respondents in the sum of four hundred and twenty-two dollars. On the day named, he entered into a contract with the respondents by the terms of which it was agreed that the appellant would execute a bill of sale to the respondents conveying to them the title to the automobiles, that the automobiles should be deposited with the Terminal Garage in the city of Seattle to remain not later than four o'clock p. m. of February 19, 1921, and that if the appellant did not pay his indebtedness to the respondents on or before the hour named, the title to the automobiles should become absolute in the respondents and the debt canceled. On the other hand, if the appellant did pay the sum agreed upon, the automobiles were to be turned over to him and the bill of sale canceled. Pursuant to the agreement, the bill of sale was executed and the automobiles deposited with the garage company named. The appellant, however, did not pay the indebtedness on or before the time agreed upon, whereupon the garage company delivered the automobiles to the respondents, who took possession of them and removed them to their place of business in an adjoining county. Subsequent to this time, the parties entered into another agreement with reference to the automobiles. The respondents had paid on account of expenses arising out of certain other business transac-

tions which they had with the appellant the sum of two hundred dollars, and had expended in removing the automobiles from the garage in Seattle to their place of business the sum of five dollars. These sums added to the original indebtedness aggregated the sum of six hundred and twenty-seven dollars. The new agreement provided that the respondents should turn over the automobiles on the payment of this last mentioned sum. This sum was not paid prior to the commencement of the present action, nor was it tendered or brought into court. The court further found that the value of the automobiles, when taken by the appellant under the writ of replevin, was in excess of six hundred and twenty-seven dollars.

The appellant's printed argument upon the appeal is brief. He assumes as a premise that the original agreement between himself and the respondents was in substance a mortgage—the respondents being mortgagees in possession—and argues that a mortgagee in possession has no right to remove mortgaged property from the county in which the property was located at the time the mortgage is given, and that such removal operates as a discharge of the mortgage; arguing further that the second contract was without validity because of the respondents' want of title to the property.

But we cannot think the appellant correctly interprets the first of his contracts with the respondents. In our opinion, the contract was in no sense a mortgage, or security in any form. It was an agreement by a debtor to pay his debt on a day certain either in money or certain specified property, and an agreement by the creditor to accept payment in either of the mediums which the debtor should elect to make it. The debtor elected to make the payment in the specified property and the creditor had no other alternative than

to take it. No public policy forbade the contract. Money is not the only medium by which a debt can be paid. It may be so where the statute so provides, or where there is no agreement that something else shall be taken in payment. But in the absence of statutory restrictions, parties may agree that a debt owing from the one to the other can be paid in any character of property having value, and such a contract will be enforced by the courts.

It follows that the respondents became the absolute owners of the property when it was turned over to them in satisfaction of the appellant's debt to them. They were at liberty, therefore, to make a new contract with the appellant as owners of the property, and this contract was obligatory upon the appellant. The contract being valid, the appellant had no right to the possession of the property without the payment of the agreed consideration.

The judgment entered was without error, and it will stand affirmed.

PARKER, C. J., MITCHELL, HOLCOMB, and HOVEY, JJ., concur.